10-3169-ag
Wang v. Holder

BIA
Videla, IJ
A099 535 726

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of July, two thousand eleven.

PRESENT:
>            ROGER J. MINER,
>            GUIDO CALABRESI,
>            RAYMOND J. LOHIER, JR.,
>                 *Circuit Judges.*

_____

XIU YUNG WANG,
>            *Petitioner,*

>       v.                                    10-3169-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>            *Respondent.*

_____

FOR PETITIONER:      Jed S. Wasserman, Kuzmin & Associates, P.C., New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Joseph A. O'Connell, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiu Yung Wang, a native and citizen of the People's Republic of China, seeks review of a July 20, 2010 decision of the BIA, affirming the October 23, 2008 decision of Immigration Judge ("IJ") Gabriel C. Videla, denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Yung Wang,* No. A099 535 726 (B.I.A. July 20, 2010), *aff'g* No. A099 535 726 (Immigr. Ct. N.Y. City Oct. 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B) (2006); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.   Past Persecution**

The record supports the agency's determination that Wang failed to demonstrate that she suffered past persecution.  Although Wang argues that she suffered past persecution because Chinese officials twice interfered with her religious gatherings and threatened her to the extent that she could not practice her Christian religion without fear of punishment, the BIA reasonably found that the incidents she described did not rise to the level of persecution.  Because Wang was not harmed or detained during either of these incidents, and because the courts have generally rejected claims of past persecution based on unfulfilled threats alone, *see Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (stating that a "threat of detention . . . itself . . . is not past persecution"), a reasonable fact-finder would not be compelled to find that Wang met her burden of establishing either that any threats she received from Chinese officials rose to the level of persecution or that she was unable to practice her religion.  *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000) (holding that this Court will "reverse [the BIA] only if no reasonable fact-finder could have failed to

find the past persecution or fear of future persecution necessary to sustain the petitioner's burden").

## II.  Well-Founded Fear of Persecution

Because Wang failed to demonstrate that she suffered past persecution, she was not entitled to a presumption of a well-founded fear of future persecution.  *See* 8 C.F.R. § 1208.13(b) (2011).  It was not improper for the agency to consider Wang's claim of a well-founded fear of persecution to be diminished because she testified that her parents and brother were Christian and lived in China and presented no evidence to indicate that they were being harmed by the Chinese government.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, her well-founded fear claim was diminished).  Although Wang explains that her family has remained unharmed because, unlike her, they attend the patriotic church and not house gatherings, Wang testified that her parents were present at the first gathering that was interrupted by officials.  Thus, the BIA reasonably found that Wang's family was similarly situated to her, and it did not err in finding that her claim of a well-founded fear of persecution was diminished.  *See id.*

4

Furthermore, Wang does not point to any evidence corroborating her fear of future persecution due to her religion. The agency reasonably concluded that she failed to demonstrate a well-founded fear because her father's letter indicated only that he feared harm would come to Wang due to her illegal departure. Additionally, Wang stated to a Border Patrol agent that she came to the United States to earn money and did not fear returning to China. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

Lastly, there is no merit to Wang's contention that the BIA failed to consider the 2008 State Department Country Report. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Although the BIA did not specifically address the report, the BIA's decision indicates that it considered Wang's evidence in some detail. Moreover, although the report provides that the Chinese government's repression of religious freedom has intensified in some areas, it also indicated that, in some regions, house churches are able to meet openly.

5

Accordingly, there is nothing in the record that suggests that the BIA failed to consider the report. *See Xiao Ji Chen*, 471 F.3d at 337 n.17.

Because Wang is unable to show the objective likelihood of persecution needed to make out an asylum claim based on her Christian religion, she necessarily is unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief, as all three claims rest on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 155–56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk